Joyce MARTIN, et al., Respondents,

v.

VETERANS OF FOREIGN WARS, Heinzen and Ditter Post No. 5903, Appellant.

No. 48749.

Supreme Court of Minnesota.

May 11, 1979.

---

David W. Nord, St. Paul, for appellant.

Schermer, Schwappach, Borkon & Ramstead, Edward H. Borkon, and Irvin E. Schermer, Minneapolis, for respondents.

Heard by SHERAN, C. J., ROGOSHESKE and WAHL, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This case arises out of an injury suffered by plaintiff Joyce Martin when she fell while dancing at a wedding reception at the hall of defendant, Veterans of Foreign Wars, Heinzen and Ditter Post No. 5903.

Mrs. Martin had just begun to dance the butterfly with her brother Kenneth Augst and sister-in-law Louise Augst, when she caught her heel on something and fell to the dance floor. Mrs. Martin broke the ball off her right hip bone as a result of the fall and has since had several operations. She presently has an artificial hip joint.

Mrs. Martin and her husband, plaintiff Thomas Martin, sued defendant contending that a defect in the dance floor caused Mrs. Martin to fall. As damages, they cited the medical bills Mrs. Martin incurred and her continuing pain and permanent impairment, as well as Mr. Martin's loss of consortium. At a jury trial, the defendant was found 80 percent negligent; Mrs. Martin was found 15 percent negligent; and Louise Augst, who had encouraged her to dance, 5 percent negligent. The damages were assessed at $126,100 for Mrs. Martin and $70,900 for Mr. Martin, of which defendant was ordered to pay 80 percent. Defendant's post-trial motions for judgment n. o. v. and for a new trial were denied, and defendant appeals from the judgment entered. We affirm.

On appeal, the defendant argues that 1) the evidence did not support the findings; 2) the trial judge exhibited a hostile attitude toward the defendant; and 3) a potentially serious conflict of interest existed on the part of the plaintiffs' attorneys.

■ 1. The evidence established that a defect in the dance floor, a crack or hole, existed at least two months before the incident. Furthermore, the defect, as pictured and described, was adequate to account for the plaintiffs' recounting of the incident, that Joyce Martin caught her heel on something and fell to the floor.

■ 2. Allegations of a hostile attitude toward the defendant or the defendant's counsel on the part of the presiding judge are without support in the record. The rulings of the trial court were well within its discretion and reflect a reasoned approach to the issues. For example, the defendant's request for a jury view of the premises where the incident occurred was reasonably denied in view of the witnesses' adequate descriptions of the defect, the pictures of the defect presented by plaintiffs, and the possibility of prejudice in exposing the jury to the charitable work and patriotic nature of the defendant. The defendant was afforded ample opportunity to submit accurate photographs of the scene to the jury, if it thought that plaintiffs' photographs distorted the defect.

■ 3. Defendant contends that it was improper for an attorney who was associat-

ed with plaintiffs' counsel to defend Louise and Kenneth Augst in defendant's separate suit for contribution arising out of the same incident. Defendant, however, has demonstrated no adverse impact on the administration of justice in this case, nor is such an impact immediately obvious from the facts alleged.

Affirmed.

OTIS and TODD, JJ., took no part in the consideration or decision of this case.